**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2022 JUL 21 PM 1:47

CASE NO:

| | |
|---|---|
| **Bassam Awad** ) | |
| 382 Ocean Ave. ) | |
| #208 Revere, MA 02151 ) | |
| (617) 857-869-2929 ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| **Bank of America, N.A.** ) | |
| Bank of America Corporate Center, ) | |
| 100 North Tryon Street, ) | |
| Charlotte, NC 28255, ) | |
| Phone No.18004321000 ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

This is a civil action for damages sustained by the Plaintiff at the hands of the Defendant.

## THE PARTIES

1. Plaintiff, BASSAM AWAD is a resident of Suffolk County, Massachusetts and an account holder of the Defendant.

2. Defendant, BANK OF AMERICA, is a banking association purportedly organized and existing under the laws of the United States of America and carrying on its business at Massachusetts.

## JURISDICTION AND VENUE

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because events giving rise to the Plaintiff's claim occurred in this District and the Defendant does business in this District.

4. Venue is proper in this district under 38 U.S.C. § 4323(c) because Defendant is located in, and do business within, this judicial district.

1

5. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this lawsuit occurred in this judicial district.

## STATEMENT OF FACTS

6. Plaintiff opened the account/card as a secured credit card with $500 deposit. The Defendant issued the card with a credit limit equal to Plaintiff's deposit. After about one year paying on time, the Defendant Bank graduated the card and refunded the deposit.

7. When the Plaintiff opened this card on May 2015 for himself, his partner Marina also opened another card as well. The Plaintiff and Marina managed both cards and were making payments on time for five long years. In May 2020, Plaintiff and Marina got automatic credit line increase of $2000, because of the on time monthly payment for five long years (60 months). The Defendant's system automatically increased the limit for both cards. After the Plaintiff used the money from the credit increase, the Defendant told the Plaintiff that the Plaintiff did not get a credit limit increase, and the Defendant only allowed the Plaintiff to go over the limit of $4000. The Plaintiff made complaints at the branch and the Branch Manager confirmed to the Plaintiff that the Defendant never allows a credit card to go over the limit, especially $2000 over the limit. Now, by the negligent, careless and malafide act of the Defendant, Plaintiff's card went $2000 over the credit limit and the Defendant unjustifiably reported to the credit bureau as over the limit. The Defendant intentionally destroyed Plaintiff's credit score.

8. Astonishingly, the Defendant honoured the limit increase on Marina's card but refused to honor the same on Plaintiff's card which is a clear act of discrimination. It shows the system automatically increased both cards in the same exact week, because the Plaintiff and Marina opened both in the same week but the Defendant accepted the credit increase of Marina but discriminated the Plaintiff on is credit increase due to his origin, race, color, creed, language and marital status. The credit limit was only $4000, the Plaintiff denied the limit increase of $2000, so the limit remained at $4000, but the balance was $6000. The Plaintiff paid over $150 every month for above 4 years as interest rate. So, the Defendant has already got its money and even some above amount. But still the Defendant intentionally destroyed Plaintiff's credit score and now they are after the Plaintiff to collect the unjustified, and unreasonable amount of $7315. The fact is Plaintiff does not owe a single penny to the Defendant.

9. Moreover, during the Pandemic, all banks including the Defendant Bank were offering payment deferments. The Plaintiff was requesting the payment deferment for his card and for Marina. At first, both requests for the deferment were approved, however, few months later, the Defendant started rejecting all of Plaintiff's requests for the deferment but continued approving the payment deferments for Marina's card hence again discriminating the Plaintiff on the basis of his origin, race, color, creed and marital status.

## Count I (Breach of Contract)

10. Plaintiff Bassam re-pleads those allegations set forth in above paragraphs.

11. The credit limit increase offer by the Defendant and subsequent destruction of credit score of the Plaintiff forms the basis for this action.

12. The offer was deemed accepted and its terms effective. Plaintiff Bassam complied with all the requirements necessary to accept Defendant's offer to modify the terms of the Contractual obligations.

13. Defendant subsequently refused to honor their agreement to give Plaintiff a credit increase but to allow the same to Maria, his partner.

WHEREFORE, the Plaintiff Bassam Awad respectfully requests the following relief:

A. That this Court enter a judgment declaring the Defendant's acts and practices complained of herein to constitute breach of contract,

B. Award Plaintiff Bassam Awad monetary damages resulting from said breach; costs, and any other relief this Honorable Court deems just and appropriate.

## Count II (Promissory Estoppel)

14. Bassam Awad repeats and re-alleges the allegations set forth in above paragraphs, as if fully set forth herein.

15. Plaintiff's reliance upon the promise of a credit limit increase was reasonably foreseeable by the Defendant.

16. Defendant relied upon Plaintiff's representations to his detriment and has lost money and the opportunity to engage in other remedies, solutions or strategies to effectuate a resolution to his repayment difficulties.

WHEREFORE, Plaintiff Bassam Awad respectfully requests the following relief:

A. Enter a judgment declaring the acts and practices of Defendant complained of herein to constitute promissory estoppel, together with an award of monetary damages and other available relief, and

B. Award Plaintiff Bassam Awad the costs of this action.

## Count III (Specific Performance)

17. Defendant re-pleads those allegations set forth above in paragraphs, as if fully set forth herein.

18. The credit increase by Defendant Bank is a binding modified contract between Plaintiff and Defendant which the Defendant refuses to honor while there is nothing to be performed on the part of the Plaintiff as he has paid all his lawful dues.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant:

a. Specific performance of the modified contract to the extent of limit increase;
b. Such other or further relief as the Court deems appropriate.

3

## Count IV (Negligence)

19. Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

20. The Defendant owed a duty to Plaintiff to exercise reasonable care to (a) safeguard his interest; (b) respond to the complaints made by him; (c) ensure that its customer service staffing levels, technology, and operations were capable of providing him with reasonably timely and effective customer service, including for unauthorized transactions related to his card or account; (d) provide him with reasonable and adequate notice that his limit was not increased or were at risk of being subject to unauthorized use; (e) timely and adequately investigate and resolve his claims regarding unauthorized transactions; and (f) extend to him provisional credit in cases where Defendant fails to timely resolve its claims.

21. Defendant breached its duty to Plaintiff to the above effect which is inconsistent with industry standards, industry regulations, is a misconduct and is inconsistent with Defendant's own policies and procedures.

22. The harm inflicted upon Plaintiff was reasonably foreseeable to the Defendant because it was and is well aware of the reputation damage of the Plaintiff in case he is report to the bureau.

23. As a direct and proximate result of Defendant's misconduct, Plaintiff has been deprived of their lawful credit, repute and honor in society.

WHEREFORE, the Plaintiff Bassam Awad respectfully requests the following relief:

A. Enter a judgment declaring the acts and practices of Defendant complained of herein to constitute negligence, together with an award of monetary damages and other available relief, and

B. Award Plaintiff Bassam Awad the costs of this action.

## Count V (Negligent Failure to Warn)

24. Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

25. During all times relevant to this Complaint, Defendant had actual or constructive knowledge of all relevant aspects of the vulnerabilities of blocking the credits of the Plaintiff.

26. During all times relevant to this Complaint, Defendant had a duty to exercise reasonable and ordinary care and skill, and to behave in accordance with applicable standards of conduct, in adequately warning the Plaintiff about unauthorized increased credit limit.

27. Defendant breached its duty by failing to adequately warn the Plaintiff about any risks associated with over usage of card and the purported unauthorized use of enhanced credit.

4

28. As a direct and proximate consequence of Defendant's breach, Plaintiff has been severely harmed. Plaintiff has been deprived of his lawful credits and has had his reputation and credit score damaged at the hands of Defendant.

29. Defendant's failure to warn was wilful, malicious, oppressive, fraudulent, and/or in reckless disregard of Plaintiff's rights, thereby entitled Plaintiff to punitive damages.

WHEREFORE, Plaintiff Bassam Awad respectfully requests the following relief:

A. Enter a judgment declaring the acts and practices of Defendant complained of herein to constitute failure to warn, together with an award of punitive damages and other available relief, and

B. Award Plaintiff Bassam Awad the costs of this action.

## <u>Count VI (Breach of Implied Contract)</u>

30. Defendant repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

31. Defendant provided banking services to Plaintiff. In exchange Defendant benefitted and continues to benefit from Plaintiff because it makes money through fees and interest associated with credit cards. Plaintiff continually provided Defendant with the ability and opportunity to make money through fees associated with credit cards.

32. By providing Defendant that ability and opportunity, and upon Defendant's acceptance of it, Plaintiff on the one hand, and Defendant, on the other, entered into implied contracts separate and apart from Defendant's terms of service, under which Defendant agreed to and was obligated to take reasonable steps to ensure that Plaintiff's credit card accounts were secure against unauthorized transactions and that any claims regarding unauthorized transactions were adequately investigated and resolved.

33. Without such implied contract, Plaintiff would not have used Defendant's extended credit limit.

34. As described throughout, Defendant did not take reasonable steps to protect its funds from unauthorized transactions or to adequately investigate or resolve claims regarding unauthorized transactions. In fact, Defendant wilfully violated those standards in order to damage the credit history of the Plaintiff.

35. Because Defendant failed to take reasonable steps to protect its funds from being appropriated through authorized transactions and failed to take reasonable steps to timely or adequately respond to claims regarding unauthorized transactions, Defendant breached its implied contract with Plaintiff. Such failure to fulfil its obligations to take reasonable steps resulted in Plaintiff receiving banking services that were of less value than they provided consideration for.

36. Because Plaintiff provided valuable consideration for banking services in the form of fees associated with the cards, they did not receive the full benefit of their bargain.

37. As a result of Defendant's conduct, Plaintiff has suffered actual damages in an amount equal to the difference in the value of the banking services they provided valuable consideration for and the banking services they received.

WHEREFORE, the Plaintiff Bassam Awad respectfully requests the following relief:

Accordingly, Plaintiff seeks an order declaring that Bank of America's conduct constitutes a breach of implied contract, and awarding them damages in an amount to be determined at trial.

### Count VII (Breach of Implied Covenant of Good Faith and Fair Dealing)

38. Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

39. There is a covenant of good faith and fair dealing implied in every contract and every implied contract. This implied covenant requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. To fulfil its covenant, a party must give at least as much consideration to the interests of the other party as it gives to its own interests.

40. Defendant breached the implied covenant of good faith and fair dealing by, among other things: (a) failing to address the issue; (b) failing to ensure its customer service operation was capable of providing effective assistance to cardholder; (c) failing to warn or notify Plaintiff about the over credit limit; (d) failing to extend provisional credit in case where complaints are not timely resolved. As a direct and proximate result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual losses and damages.

WHEREFORE, Plaintiff Bassam Awad respectfully requests the following relief:

A. Enter a judgment declaring the acts and practices of Defendant complained of herein to constitute breach of implied covenant of good faith and fair dealing together with an award of damages and other available relief, and

B. Award Plaintiff Bassam Awad the costs of this action.

### Count VIII (Discrimination & Retaliation)

41. Clearly, Plaintiff has been discriminated due to his national origin, age, race, ethnicity, creed, sex, disability, language and marital status.

WHEREFORE, Plaintiff Bassam Awad respectfully requests the following relief:

A. Enter a judgment declaring the acts and practices of Defendant complained of herein to constitute discrimination against Plaintiff with an award of damages and other available relief, and

6

B.  Award Plaintiff Bassam Awad the costs of this action.

### Count IX (General)

42. Defendant has committed unfair or deceptive practices in violation of Mass. Gen. Laws Chapter 93A.

43. The Defendant did not send the Plaintiff a written validation notice within five days after first contacting him (15 U.S.C. § 1692g(a)). The Plaintiff never received any notice or anything in the mail from the Defendant saying that he had the right to dispute the debt.

44. The Plaintiff further states that other grounds for claims may exist and will be added as they become known.

**WHEREFORE,** Plaintiff pray that, after trial, a judgment be entered in his favor and against Defendant Bank of America, based upon their obligations under the laws, rules, regulations and covenants, and that damages be awarded to the Plaintiff in an amount to be determined at trial plus interest and costs.

## PLAINTIFFS DEMAND A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE

Respectfully submitted,

*Sd. /Bassam Awad/*
BASSAM AWAD
Pro-se

7